Gunter, J.
Replevin by vendee — appellant—to recover from tb'e sheriff personal property held under execution against vendor. Judgment of nonsuit. Therefrom this appeal.
'There was evidence tending to show a sale, in April, to appellant of the personal property involved. At the time of the sale this property, used in the operation of a butcher shop, and capable of manual delivery, was in actual possession of the vendor. The following June it was levied upon under a writ ofr execution issued upon a judgment against the vendor. It was essential to the case in replevin by vendee— appellant — who took title through such sale, to show it valid against the execution creditor of the vendor. Requisite to the validity of the sale was a delivery followed by an actual and continued change of' possession of the property sold. — Mills’ Ann. Stats., vol. 1, sec. 2027.
“Nor can a case be taken out of the statute, nor can the statute be satisfied by proving that the sale was bona fide and no fraud intended. Unless the purchaser can show such a substantial compliance with its terms as affords visible notice to.the community of. a change in the ownership of the goods, the:-transaction constitutes a fraud in- law, and -.as such must be held to be void as to creditors and subsequent pnrchasers in good faith of the vendor.” — Bassinger v. Spangler, 9 Colo. 175, 179.
No facts were shown evidencing the required change of possession.
If we assume there was evidence tending to' show that the judgment creditor- knew of the alleged sale *204 to appellant when the execution was levied it would not affect the question before us.
“Whether the creditor has knowledge of such sale or not is of no consequence.” — Bassinger v. Spangler, supra, 186.
Appellant having shown no title to the property involved as against appellee, the sheriff, was properly nonsuited.
Judgment affirmed. Affirmed.